| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | NO. 3:96-cr-00004 |
| | ) | |
| DONALD THOMAS CABLE | ) | JUDGE CAMPBELL |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 454). In support of the motion, Defendant filed a compilation of certificates and achievements (Doc. No. 454-1), and medical records (Doc. Nos. 454-2, 454-3). The Government filed a response in opposition (Doc. No. 458), medical records (Doc. Nos. 460-1, 460-2), inmate disciplinary data (Doc. No. 460-3), and inmate history (Doc. No. 460-4). Defendant filed two replies (Doc. Nos. 464, 468) and a letter (Doc. No. 467).

For the reasons stated herein, Defendant's motion is **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

In 1996, Defendant Donald Thomas Cable was indicted for crimes including conspiring to cross state lines to commit murder and for actually committing the murder of a federal witness, in violation of 18 U.S.C. §§ 1958(a) and 1512(a)(1).[2] Because the crimes resulted in the death of the

---

[1]    The Court relies on the factual and procedural background provided in the district court's order on Defendant's motion for relief under 28 U.S.C. § 2255, decided by Judge Thomas A. Wiseman, Jr., Case No. 3:09-cr-00593, Doc. No. 5.

[2]    In considering Defendant's motion for relief under Section 2255, Judge Wiseman described the crime as "one of the most heinous imaginable: murder for hire of a grand jury witness to prevent her testimony." Judge Wiseman noted, "The murder itself was gory: The victim was shot twice, once under the right eye and once in the hand; she was stabbed nine times with a butcher knife. Cable admitted in open court under oath that he himself inflicted the bullet and stab wounds upon the victim." *See* Case No. 3:09-cr-00593, Doc. No. 5 at 5-6.

1

federal witness, the applicable statutes provided that, in the event the defendant was found guilty, only two sentences were possible: the death penalty or life imprisonment. The Government gave notice that it intended to seek the death penalty. Defendant entered into a plea agreement in which he pleaded guilty to conspiracy to commit murder and murder of a federal witness and the Government agreed not to seek the death penalty and to dismiss the remaining charges. On July 8, 1998, Defendant was sentenced to a term of life imprisonment without the possibility of parole at a joint plea and sentencing hearing. He has served approximately 30 years of his imposed sentence.

Defendant first sought compassionate release in 2021, during the COVID pandemic. (*See* Doc. No. 411). Defendant argued he should be released to be the primary caregiver for his elderly and ailing father and due to concerns that his various health conditions rendered him susceptible to contracting and becoming severely ill with COVID-19. (*Id*.). The Court denied the motion after finding that Defendant did not raise extraordinary and compelling reasons for a reduction in sentence and that the Section 3553(a) sentencing factors weighed against a reduction in sentence. (*See* Order, Doc. No. 425). The Court gave particular consideration to the following sentencing factors:

> *Nature and Circumstances of the Offense*. This Court cannot overlook the heinous and abhorrent crime that resulted in Defendant's incarceration. In 1996, Defendant conspired with a co-defendant to kill a federal witness to prevent her testimony. He then crossed state lines from Alabama to Tennessee and committed the murder himself, shooting her twice and stabbing her nine times.
>
> *Sentencing Guideline Range*. For his violent crime, Defendant faced two possible sentences: life in prison or death. As a result of a plea agreement, the Government did not seek the death penalty. Defendant has served 25 years of the mandatory minimum term of life imprisonment.
>
> *The Need to Provide Just Punishment, and Promote Respect for the Law*. Considering the nature and circumstances of the offense and the mandatory minimum sentence, these final factors are particularly persuasive. A time-served sentence would not promote respect for the law, provide just punishment, or protect the public. Indeed, the murder of a witness

demonstrated no respect for the law, and the Court is not convinced that a sentence less than the mandatory minimum will provide just punishment for that offense.

(*Id*. at 7-8). The decision was affirmed by the Sixth Circuit. *United States v. Cable*, Case No. 22-5176 (6th Cir. Jan. 18, 2023).

In his second motion for compassionate release, Defendant argues that a reduction in sentence is warranted for the following reasons: (1) if sentenced today his conviction for conspiracy to commit murder for hire would not be categorized as a violent crime and he would not be subject to a mandatory sentence of life imprisonment; (2) he received an unusually long sentence; (3) he suffers from a "multitude of medical problems"; and (4) he is remorseful, rehabilitated, and no longer a threat to the public. Defendant also sought early release to allow him to care for his elderly father, but has informed the Court that he is withdrawing that as a basis for relief because his father has passed away. (*See* Doc. No. 464, ¶ 8).

## II. STANDARD OF REVIEW

A district court generally "lacks authority to modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The compassionate release statue, 18 U.S.C. § 3582(c)(1)(A), is one exception. The compassionate release statute states in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction…
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

3

18 U.S.C. § 3582(c)(1)(A). In summary, the statute gives the district court discretion to reduce a term of imprisonment if three criteria are met: (1) extraordinary and compelling reasons for a reduction; (2) applicable policy statements issued by the Sentencing Commission; and (3) consideration of applicable § 3553(a) factors. A district court "may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021); *see also, United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) ("A court must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction.").

*Extraordinary and Compelling*

The first and second criteria - extraordinary and compelling reasons and applicable policy statements by the Sentencing Commission – are generally considered together. *See United States v. Williams*, 161 F.4th 951 (6th Cir. 2025) (stating that because "the text of 18 U.S.C. § 3582 provides little guidance on how to interpret the words 'extraordinary and compelling,' but Congress expressly tasked the Sentencing Commission with interpreting that phrase," courts "look to applicable policy statements from the Sentencing Commission to determine what constitutes an extraordinary and compelling reason to grant compassionate release").

The Sentencing Commission's policy statement on reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) states that extraordinary and compelling reasons exist under six circumstances: (1) medical circumstances of the Defendant; (2) age of the Defendant; (3) family circumstances of the Defendant; (4) the Defendant was a victim of abuse while in custody; (5) "other reasons" of "similar gravity" to the first for reasons described considered themselves or together with any of those reasons; and (6) changes in the law if the Defendant received an

4

unusually long sentence, has served at least 10 years of the term of imprisonment and the changes in law would produce a "gross sentencing disparity." U.S.S.G. § 1B1.13(b)(1) – (6). The Sixth Circuit has held that the last circumstance on this list, U.S.S.G. § 1B1.13(b)(6), which would allow a court to consider changes in the law as an extraordinary and compelling reason for a reduction in sentence, is invalid. *United States v. Bricker*, 135 F.4th 427, 450 (6th Cir. 2025); *petition for cert. filed*, Case No. 25-81 (U.S. Jul. 18, 2025). Accordingly, unusually long sentences and changes in the law are not currently a viable basis for granting a motion for compassionate release in the Sixth Circuit. *See also*, U.S.S.G. § 1B1.13(c) ("a change in the law shall not be considered for purposes of determining whether an extraordinary and compelling reason exists").

Finally, the policy statement specifically provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

*Sentencing Factors Under 18 U.S.C. § 3553(a)*

Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with a number of factors including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; the applicable Sentencing Guidelines range; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

## A. Extraordinary and Compelling

### 1. Nonretroactive Changes in the Law

Defendant first argues that there are extraordinary and compelling reasons for a reduction in sentence under the Sentencing Commission's policy statement at U.S.S.G. §§ 1B1.13(b)(6) and (c). As stated above, the Sixth Circuit has held that nonretroactive changes in the law cannot be "extraordinary," that the Sentencing Commission overstepped its authority when it promulgated a policy statement to the contrary, and that the policy statement is therefore invalid. *Bricker*, 135 F.4th at 430. Moreover, the changes in the law relied upon by Defendant are legally inapplicable to Defendant's conviction and sentence. *Taylor v. United States*, 142 S. Ct. 2015 (2022) and *Davis v. United States*, 139 S. Ct. 2319 (2019) address whether certain crimes are "crimes of violence" that form predicate offenses for other criminal statutes. Defendant was convicted of murdering a federal witness and conspiring to murder a federal witness. Whether these crimes are considered "crimes of violence" in another context is irrelevant to these convictions.

### 2. Medical Conditions

Defendant also argues that his medical conditions constitute extraordinary and compelling reasons for a reduction in sentence. He states that he suffers from heart problems, high blood pressure, has a pace maker, needs a knee replacement, and has "multiple other medical needs." The Sentencing Commission provided examples of when medical circumstances of the Defendant may constitute extraordinary and compelling circumstances:

> (1) Medical Circumstances of the Defendant.—
>
> (A)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer,

6

amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B)     The defendant is—

(i)     suffering from a serious physical or medical condition,

(ii)     suffering from a serious functional or cognitive impairment, or

(ii)     experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C)     The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D)     The defendant presents the following circumstances—

(i)     the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii)     due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii)     such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B.13(b)(1).

None of these circumstances applies to Defendant. He does not claim to be suffering from a terminal illness or to be unable to care for himself; and he does not suggest that his conditions require long-term or specialized medical care that is not being provided. In fact, Defendant's medical records indicate that he is receiving regular medical care and that his medical conditions

7

are well-managed. His speculation that he may not receive needed medical care in the future and may become unable to care for himself does not fall within the contours of the policy statement and is not otherwise an extraordinary and compelling reason to grant a reduction in sentence.

    3.  <u>Rehabilitation</u>

Defendant argues that he has engaged in significant programming while in prison, is a "changed individual who is ready to respect the laws and rules of society as a law abiding citizen," and is no longer a threat to the public. Defendant filed a compilation of certificates and achievements and letters of recommendation from his UNICOR managers all of which indicate that he has made efforts at rehabilitation. (*See* Doc. No. 454-1). Defendant also filed a personal statement in which he states that he is very remorseful for his actions and asks forgiveness. (Doc. No. 467).

The Court has reviewed the submitted filings. Defendant is commended for his efforts at rehabilitation. However, under the policy statement and 28 U.S.C. § 994(t), rehabilitation is not, by itself, an extraordinary and compelling reason for a reduction in sentence. *See* U.S.S.G. § 1B1.13(d). It may, however, be considered in combination with other circumstances. *Id*. As discussed above, the other asserted bases for reduction in sentence do not themselves present extraordinary and compelling circumstances justifying a reduction in sentence; this assessment does not change when considered in combination with Defendant's rehabilitation.

    4.  <u>Other Reasons</u>

The policy statement also states that extraordinary and compelling circumstances may be found if the Defendant presents "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are or similar gravity to those described in paragraphs (1) through (4)." U.S.S.G. §

1B1.13(b)(5). Paragraphs (1) through (4) include medical and family circumstances of the Defendant, age, and victim of abuse. U.S.S.G. § 1B1.13(b)(1) – (4). The Court has considered whether the reasons cited by Defendant, alone or in combination, are extraordinary and compelling reasons for a sentence reduction and finds that they are not.

Even if extraordinary and compelling reasons were present in this case, a reduction would not be warranted after consideration of the sentencing factors.

### B. Section 3553(a) Sentencing Factors

The Court previously found that the sentencing factors did not merit a reduction in sentence. (*See* Doc. No. 425). Although Defendant has provided additional evidence regarding his rehabilitation, the reasons previously stated continue to apply. In particular, the Court emphasizes the nature and circumstances of the offense (the gruesome murder of federal witness), that Defendant was subject to a mandatory minimum sentence of life imprisonment, and the need to provide just punishment and respect for the law. As previously observed, the murder of a federal witness demonstrated no respect for the law. Even taking into consideration Defendant's health conditions and rehabilitation, the Court remains unpersuaded that a sentence less than the mandatory minimum will provide just punishment for the offenses of conviction or would be a reasonable sentencing in light of all of the factors.

### IV. CONCLUSION

For the reasons stated herein, Defendant's motion for sentence reduction (Doc. No. 454) is **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

9